**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 112711

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Connie M. Arcuri, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Credit Control, LLC d/b/a Credit Control & Collections, LLC and Portfolio Investment Exchange, Inc.,<br><br>Defendants. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

Connie M. Arcuri, individually and on behalf of all others similarly situated, (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Credit Control, LLC d/b/a Credit Control & Collections, LLC and Portfolio Investment Exchange, Inc. (hereinafter referred to as "*Defendants*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff Connie M. Arcuri is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Credit Control, LLC d/b/a Credit Control & Collections, LLC, is a Missouri Limited Liability Company with a principal place of business in Saint Louis County, Missouri.

8. On information and belief, Defendant Portfolio Investment Exchange, Inc., is a Delaware Corporation with a principal place of business in Okaloosa County, Florida.

9. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendants allege Plaintiff owes a debt ("the debt").

12. The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the debt Plaintiff fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendants, the debt was assigned or otherwise transferred to Defendants for collection.

15. In its efforts to collect the debt, Defendants contacted Plaintiff by letter ("the letter") dated March 15, 2016. (**Exhibit 1.**)

16. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. Plaintiff's debt was incurred on a Visa credit card issued by Lowe's.

18. Lowe's is incorporated in Delaware.

19. The statute of limitations applicable to Plaintiff's debt is three (3) years.

20. The statute of limitations applicable to Plaintiff's debt began to run on December 29, 2009, and expired on December 29, 2012.

21. The letter to Plaintiff is dated March 15, 2016.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

22. Plaintiff's debt is time-barred.

23. Defendants' letter failed to disclose that if the consumer is sued on a debt for which the statute of limitations has expired, the consumer may be able to stop the lawsuit by responding to the court that the statute of limitations has expired.

24. Defendants' letter failed to disclose that the consumer is not required to provide the debt collector with an admission, affirmation, or acknowledgment of the debt, a promise to pay the debt, or a waiver of the statute of limitations.

25. Defendants' letter failed to disclose that if the consumer makes any payment on a debt for which the statute of limitations has expired or admits, affirms, acknowledges, or promises to pay such debt, the statute of limitations may restart.

26. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

27. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

28. Defendants' conduct, as described herein, is a false representation of the legal status of the debt.

29. Defendants' conduct, as described herein, is a false representation or deceptive means to collect or attempt to collect the debt.

30. The least sophisticated consumer would likely be deceived by Defendants' conduct.

31. The least sophisticated consumer would likely be deceived in a material way by Defendants' conduct.

32. Through the actions described above, Defendants violated the aforementioned provisions of the FDCPA.

## CLASS ALLEGATIONS

33. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendants attempted to collect a consumer debt using the same unlawful letter described herein, from one year before the date of this Complaint to the present.

34. This action seeks a finding that Defendants' conduct violates the FDCPA, and

asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

35. Defendants regularly engage in debt collection, using the same unlawful letter described herein, in their attempts to collect delinquent consumer debts from other persons.

36. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts using the same unlawful letter described herein.

37. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

38. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

39. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff HAS retained counsel experienced in actions brought under the FDCPA.

## JURY DEMAND

40. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

      a. Certify this action as a class action; and

4

b.  Appoint Plaintiff as Class Representatives of the Class, and her attorneys as Class Counsel; and

c.  Find that Defendants' actions violate the FDCPA; and

d.  Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

e.  Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.  Grant Plaintiff's costs; together with

g.  Such other relief that the Court determines is just and proper.

DATED: March 6, 2017

**BARSHAY SANDERS, PLLC**

By:  /s/ *Craig B. Sanders* _____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 112711

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530